IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SHAQUAN CARTER,                    )
                                   )
Plaintiff,                         )
                                   )
v.                                 )        21-CV-2039
                                   )
DARCY DAVIS, ET AL.,               )
                                   )
Defendants.                        )

## ORDER

Plaintiff brought this suit pursuant to 42 U.S.C. § 1983 alleging retaliation in violation of the First Amendment and deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

## I.    DEFENDANT DAVIS'S MOTION TO STRIKE

Defendant Davis filed a Motion to Strike (#51) seeking to strike Plaintiff's Surreply[1] (#50).

While the Court agrees that Plaintiff should have sought leave of Court prior to filing that document, the Court's priority is to address the merits of Defendant's exhaustion argument. Further,

---

[1] Titled Plaintiff's (Second) Defense for Summary Judgment Exhaustion of Remedies.

the Court takes Plaintiff's pro se status into consideration. The Court sua sponte grants Plaintiff leave to file a surreply.

Defendant's Motion to Strike (#51) is denied.

## II. DEFENDANTS' SUMMARY JUDGMENT MOTIONS

Defendants' summary judgment motions on exhaustion (#45), (#53) are before the Court. Both are fully briefed and ripe for ruling.

A. <u>Facts</u>

These facts are set forth for purposes of this Order only. The Court has reviewed the parties' pleadings and supporting documentation and states only those facts it finds to be material.

At times relevant to this action, Plaintiff was an inmate in the custody of IDOC, incarcerated at Danville Correctional Center. He was transferred to Illinois River Correctional Center and that transfer comprises an aspect of his First Amendment retaliation claim.

Plaintiff filed his Complaint herein on February 26, 2021, against Nurse Darcy Davis, Correctional Officer Kevin Blacker, and Warden Victor Calloway, all employed at Danville at relevant times.

Plaintiff alleges First Amendment retaliation claims against Davis and Calloway, and an Eighth Amendment denial of medical

care claim against Blacker. These claims originated on August 31, 2019, when Davis falsely alleged Plaintiff sexually touched her hand while he was accepting medication from Davis. Plaintiff was taken to segregation and Defendant Blacker denied Plaintiff access to his asthma pump. Plaintiff suffered a severe asthma attack. Plaintiff was initially found guilty of sexual misconduct, but that finding was vacated after Davis withdrew the sexual nature of her allegation against Plaintiff. Plaintiff alleges Calloway later initiated a retaliatory transfer of Plaintiff from Danville to Illinois River Correctional Center.

Plaintiff filed a grievance, #2222, dated September 13, 2019. (#1-1) at 12-13. Plaintiff grieves issues related to his asthma and asserts that his medical needs are not being addressed. He also challenges the disciplinary proceeding based on Davis's false allegation that Plaintiff sexually touched her hand. This grievance does not mention retaliation by Calloway. This grievance is stamped by the "Danville Correctional Grievance Officer" on what appears to be September 16, September 17, October 2, and October 3, 2019. It also bears an "emergency review" date of September 16, 2019, and a "counselor's response" date of October 3, 2019. The counselor's

response states the issue was resolved, and neither the box to forward to the Grievance Officer nor the box to send to the ARB are checked.

Plaintiff filed another grievance, #2254, dated September 18, 2019. (#1-1) at 14-15. Plaintiff again complains of issues with the disciplinary proceeding and with his asthma care. This grievance does not mention retaliation by Calloway. This grievance too bears four Danville Correctional Center Grievance Officer stamps, dated September 19, September 24, October 2, and October 3, 2019. The emergency review is dated September 20, and the counselor's response is dated October 3. The counselor's response states the issue was resolved, and neither the box to forward to the Grievance Officer nor the box to send to the ARB are checked.

Plaintiff filled out a grievance, #2346, dated September 30, 2019. (#42) at 4. This grievance complains of denial of Plaintiff's asthma pump. It does not mention Defendant Calloway.[2]

---

[2] The purported second page of this grievance, (#42) at 5, is from an unknown August 2021 filing. It is on a revision 2020 grievance form, indicates the date it was written was August 19, 2021, and includes detailed complaints about Plaintiff's experience at Illinois River Correctional Center throughout 2021, and where he was transferred in October 2019. It was plainly not submitted on September 30, 2019.

Plaintiff filled out a grievance dated October 1, 2019. (#1-1) at 16-17. This grievance is not stamped with a grievance number, nor are any of the review sections at the bottom of the grievance filled out by prison officials. Plaintiff asserts he submitted this grievance, but it was never addressed. This grievance too is written on a grievance form marked at the bottom right with "Rev. 01/2020."

Plaintiff filled out another grievance dated February 27, 2020. (#1-1) at 19-21. That grievance asserts that four grievances Plaintiff filed at Danville in September and October 2019 were mishandled. It also complains about retaliation by Davis and by Calloway, and mistreatment of Plaintiff's asthma in August and September 2019. Plaintiff appealed the denial of this grievance to the ARB, which returned the grievance to Plaintiff because it was not submitted within 60 days of the complained-of conduct.

Plaintiff filed several grievances in 2021, well over a year after the facts giving rise to this case. The ARB dismissed appeals in those cases as untimely, duplicates, or otherwise failing to comply with procedural rules.

B. <u>Analysis</u>

Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.

"The PLRA instructs that '[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Smallwood v. Williams*, 59 F.4th 306, 314 (7th Cir. 2023).

The issue of exhaustion is properly raised through a motion for summary judgment, and a court should resolve the issue before reaching the merits of a prisoner's case. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *see also Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("[T]he court must not proceed to render a substantive decision until it has first considered § 1997e(a).").

Defendants bear the burden of proving that a plaintiff failed to exhaust their administrative remedies. *Banks v. Patton*, 743 F. App'x 690, 695 (7th Cir. 2018).

6

Although a prisoner must exhaust the grievance procedures proscribed by the institution, the prisoner is only required to pursue administrative remedies to the extent they are available. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The unavailability of a grievance process "lifts the PLRA exhaustion requirement entirely and provides immediate entry into federal court." *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016). "The term 'available' is given its ordinary meaning, and it does not include any requirement of culpability on the part of the defendant." *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018). "An administrative scheme can be 'unavailable' to a prisoner when a prison fails to respond to a prisoner's grievance." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020).

The Illinois Administrative Code requires inmates to file a grievance regarding an issue at the institutional level within 60 days of discovery of the incident, occurrence, or problem that gives rise to the grievance. 20 Ill. Admin. Code § 504.810(a). The Grievance Officer shall review the grievance and report findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 Ill. Admin. Code § 504.830(d). The CAO will advise the

offender of the decision. *Id.* If the offender is not satisfied with the outcome, he may then appeal to the IDOC Director within 30 days of the decision. 20 Ill. Admin. Code § 504.850. If the ARB decides that the grievance is without merit or a hearing is unnecessary, the offender is notified. The ARB will submit a report to the Director, who will review the findings and make a final determination. 20 Ill. Admin. Code § 504.850. Administrative remedies may be deemed exhausted after the prisoner receives a copy of the ARB's decision at step three.

The grievance procedures also allow an inmate to file an emergency grievance. To do so the inmate must forward the grievance directly to the Warden who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender." 20 Ill. Admin. Code § 504.840(a). After such a determination, processing of the grievance is expedited, as is any appeal. 20 Ill. Admin. Code § 504.840(b); § 504.850(f).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In

8

ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).

The Court finds Plaintiff's February 27, 2020, grievance, and the grievances he initiated after that date, were all properly denied or rejected by the ARB, as to the issues in this case. Those grievances were all either duplicates, were properly disregarded as having been filed outside the sixty-day filing window, or were not otherwise properly appealed.

Plaintiff's September 13, September 18, and September 30, 2019, grievances present a disputed issue of material fact. Plaintiff argues he continued to resubmit these grievances, believing he was proceeding to the next higher level of review, based on the multiple

grievance officer stamps on each document, each with different dates. His purported belief requires a credibility determination.

Plaintiff's October 1, 2019, grievance, also presents a disputed issue of material fact. Plaintiff alleges he submitted this grievance but that prison officials never responded to it. Defendants assert that he never submitted it.

However, the Court finds Defendant Calloway is entitled to summary judgment. None of Plaintiff's September and October 2019 grievances allege retaliation by Calloway or even allude to retaliation by Calloway. The first mention of Calloway is in Plaintiff's February 2020 grievance, which was properly rejected by the ARB as untimely filed. Summary judgment will be granted for Calloway due to Plaintiff's failure to exhaust his administrative remedies as to his retaliation claim against Calloway.

Defendant Davis's Motion for Summary Judgment (#45) is denied. Defendants Blacker and Calloway's Motion for Summary Judgment (#53) is granted as to Defendant Calloway and denied as to Defendant Blacker. This matter will be set for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) to resolve the following disputes of material fact as to exhaustion: 1) did Plaintiff

10

diligently pursue administrative exhaustion of his September 13, September 18, and September 30, 2019, grievances; 2) if so, was he thwarted by the actions of prison officials, or did he fail to follow the proper steps due to his own actions; 3) did plaintiff submit the October 1, 2019, grievance; and 4) if so, did prison officials fail to respond to it.

### III. OTHER PENDING MOTIONS

Several other motions are pending. The Court rules as follows.

Plaintiff's Motion to Clarify (#57) attaches copies of certain of Plaintiff's grievances. Plaintiff's Motion is granted. The Court has considered the documents attached to the motion.

Plaintiff's Motion for Default Judgment (#60) is denied. Plaintiff has not identified any proper basis for the entry of default.

Plaintiff's Motion for Status (#63) is moot with the entry of this Order.

Plaintiff's Motion to Proceed with Case (#64) is granted to the extent otherwise explained by the Court's rulings in this Order and is otherwise denied.

11

Defendants Blacker and Calloway's Motion to Substitute Counsel (#65) is granted. Attorney Cook replaces Attorney Rosenberger.

Plaintiff's Motion for Scheduling Order (#67) is denied. The Court will enter a scheduling order, if necessary, once the issue of exhaustion is resolved.

**IT IS THEREFORE ORDERED:**

(1) Defendant Davis's Motion to Strike [51] is DENIED.

(2) Plaintiff's Motion to Amend [57] is GRANTED.

(3) Plaintiff's Motion for Default [60] is DENIED.

(4) Plaintiff's Motion for Status [63] is moot with the entry of this Order.

(5) Plaintiff's Motion to Proceed with Case [64] is GRANTED in part and DENIED in part.

(6) Defendants Blacker and Calloway's Motion to Substitute Counsel [65] is granted. Attorney Cook replaces Attorney Rosenberger.

(7) Plaintiff's Motion for Scheduling Order [67] is DENIED.

(8) Defendant Davis's Motion for Summary Judgment [45] is DENIED.

(9) Defendants Blacker and Calloway's Motion for Summary Judgment [53] is GRANTED as to Defendant Calloway and this action is TERMINATED with prejudice as to Calloway; it is DENIED as to Defendant Blacker.

(10)      This matter is set for a *Pavey* evidentiary hearing on April 21, 2023, at 1:30 p.m. by video. By April 7, 2023, the parties shall file a notice identifying the witnesses they plan to call. The Clerk is directed to issue a video writ for Plaintiff's appearance at the hearing.

ENTERED: March 27, 2023.


**s/ Sue E. Myerscough**
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE